**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| COLLEEN VENTURA, | ) |
| Plaintiff, | ) |
| | ) No. 3:10-cv-321 |
| vs. | ) |
| | ) |
| UNITED RECOVERY SYSTEMS, LP, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, COLLEEN VENTURA, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, UNITED RECOVERY SYSTEMS, LP, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Xenia, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited partnership of the State of Texas, which is licensed to do business in Ohio and which has its principal place of business in Houston, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the calendar month of August 2009, Defendant's representatives and/or employees including, but not limited to Candice Sandle, Lisa Jeffreys, Ashford (last name unknown), and Brice (last name unknown), began contacting Plaintiff by telephone in attempts to collect an alleged debt.

8. The aforementioned telephone calls from Defendant's representatives and/or employees were placed to Plaintiff multiple times per day, including, but not limited to: February 3, 2010; February 4, 2010 at 11:36 a.m. and 11:39 a.m.; February 6, 2010; February 8, 2010 at 9:53 a.m., and 7:07 p.m.; February 11, 2010 at 9:53 a.m. and 3:13 p.m.; February 13, 2010; February 15, 2010; February 16, 2010; February 18, 2010 at 12:17 p.m. and 7:33 a.m.; February 23, 2010; and February 25, 2010 at 9:00 a.m., 3:02 p.m., 4:01 a.m., and 5:50 p.m.

9. Several of the aforementioned telephone calls were placed to Plaintiff at her place of business even after Plaintiff informed Defendant's representative and/or employee that calls of this nature were not permitted by Plaintiff's employer.

10. During at least one of the aforementioned telephone calls, Defendant's representative and/or employee represented to Plaintiff that they were an attorney and/or were calling from an attorney's office.

11. During at least one of the aforementioned telephone calls, Defendant's representative and/or employee stated "this will have to go to litigation if payment is not made today" to Plaintiff.

12. However, to date, Plaintiff is not aware of any legal proceedings being initiated by Defendant against Plaintiff in an attempt to collect the aforementioned debt.

13. Further, Defendant failed to send Plaintiff written notice regarding the aforementioned alleged debt as required by 15 U.S.C. § 1692g(a).

14. Moreover, on several occasions, Defendant's representatives and/or employees contacted Plaintiff's ex-husband by telephone in attempts to collect the aforementioned alleged debt.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692b(3);

    b. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692c(b);

    d.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    e.    Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney in violation of 15 U.S.C. § 1692e(3);

    f.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    g.    Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    h.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, COLLEEN VENTURA, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

19. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

20. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

21. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

22. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

23. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, COLLEEN VENTURA, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
david@luxenburglevin.com